UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA SUE DELONG,

    Plaintiff,

v.                                    Case No.  8:17-cv-2760-T-SPF

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed applications for DIB (Tr. 65, 242-45) and SSI (Tr. 108, 246-51). The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 65, 107-08). Plaintiff then requested an administrative hearing. (Tr. 129-30). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 35-51). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 15-34). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1-6). Plaintiff then timely filed a complaint with this Court. (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning September 18, 2015. (Tr. 52). Plaintiff obtained at least a high school education. (Tr. 39-40). Plaintiff's past relevant work experience included work as an office manager and floor attendant. (Tr. 27). Plaintiff alleged disability due to arthritis, depression, anxiety, and back and neck injury. (Tr. 52-53).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2016, and had not engaged in substantial gainful activity since September 18, 2015, the alleged onset date. (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: chronic pain syndrome, disorders of the spine, and obesity. *Id.* Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, subject to certain functional and postural limitations. *Id.* In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence. (Tr. 24).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as an office manager. (Tr. 27). Accordingly, the ALJ found Plaintiff not disabled. (Tr. 28).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Here, Plaintiff argues that: (1) the ALJ's finding that Plaintiff's medically determinable mental impairments are non-severe is contrary to law and not supported by substantial evidence; and (2) the ALJ erred by failing to properly evaluate the opinion of treating physician, Tobias Bacaner, M.D. For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A. The ALJ Properly Evaluated Plaintiff's Mental Impairments**

Plaintiff argues the ALJ erred in finding her alleged mental impairments of "deep depression" and "severe anxiety" non-severe. (Doc. 20 at 4-15; Tr. 52, 86). Specifically, Plaintiff asserts that the "*de minimis*" standard for establishing her mental impairments as severe at step 2 of the sequential evaluation was met by the medical evidence. (Doc. 20 at 4-11). Plaintiff relatedly contends the ALJ's analysis of examining psychologist Shaundel Boyce, Psy.D.'s opinion was legally insufficient. (Doc. 20 at 11). The Commissioner counters that the ALJ properly evaluated Plaintiff's mental impairments as well as the examining psychologist's opinion. (Doc. 23 at 4-12).

**1. Standard for Establishing Mental Impairments as Severe**

At the second step in the sequential evaluation process, the ALJ determines whether the claimant's impairment or impairments are severe or not severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The claimant bears the burden of proving she has a severe impairment or combination of impairments, but the burden is a mild one. *Ward v. Astrue*, 286 F. App'x 647, 648 (11th Cir. 2008)[1] (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a); *Yuckert*, 482 U.S. at 146 n.5 (stating that plaintiff bears the burden of establishing that her impairments are severe and prevent the performance of her past relevant work).

An impairment or combination of impairments is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The regulations define basic work activities as the abilities and aptitudes

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

necessary to do most jobs, including mental functions such as understanding, carrying out, and remembering simple instructions, use of judgment, responding appropriately to co-workers, and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 404.1522(b)(3)-(6), 416.922(b)(3)-(6). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *McDaniel*, 800 F.2d at 1031.

When evaluating the severity of a claimant's mental impairment, the regulations direct an ALJ to use a special Psychiatric Review Technique (PRT). *See* 20 C.F.R. §§ 404.1520a, 416.920a. Using this technique, the ALJ must decide if a claimant's mental impairments cause limitations in one of four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). Additionally, the ALJ must complete a PRT form and append it to her decision or incorporate its mode of analysis into her findings and conclusions; failure to do so requires remand. *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).

Here, the ALJ properly evaluated Plaintiff's mental impairments using the PRT and explicitly incorporated it into her decision finding that, aside from mild limitations in concentrating, persisting, or maintaining pace, Plaintiff had no other limitations caused by mental impairment. (Tr. 21-23). In making her findings, the ALJ considered each of the four areas of mental functioning based on the relevant evidence. (Tr. 21-22); *see Stone v. Comm'r of Soc. Sec.*, 586 F. App'x 505, 512 (11th Cir. 2014) (concluding that substantial evidence supported the ALJ's findings at step two that claimant had no severe mental

impairments where evidence showed that claimant had no more than mild restrictions in the four functional areas). Moreover, before the ALJ was substantial evidence of Plaintiff's regular activities. Plaintiff is able to drive, handle her own personal finances, arrive on time to appointments, take care of her personal needs such as hygiene and grooming, complete basis household chores, and prepare food without assistance. (Tr. 509-10). In addition, Plaintiff reported primarily physical restrictions when discussing her daily activities. (Tr. 22, 35-51).

Plaintiff lists her mental health treatment and diagnosis history in support of her argument that the evidence establishes that the *de minimis* standard was met. (Doc. 20 at 7-10). This evidence, however, is unpersuasive because the mere existence of these diagnoses does not establish work-related limitations. *See Moore*, 405 F.3d at 1213 n.6; *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005); *see also Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 879 (11th Cir. 2012) (upholding ALJ's finding that claimant's diagnoses of anxiety and depression were not severe impairments, where nothing in the record indicated that these impairments could be expected to interfere with her ability to work). It is the functional limitations caused by a plaintiff's impairment that affect their ability to work, not the impairment itself. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (noting that the severity of impairments must be measured in terms of their effect on the ability to work, not from purely medical standards of bodily perfection or normality). As such, Plaintiff has not satisfied her burden to establish that her mental impairments were, in fact, severe. The medical evidence compiled in the administrative record shows that, notwithstanding her impairments, Plaintiff's mental ability to do basic work activities was not significantly limited.

### 2. Weight Afforded to Dr. Boyce's Opinion

Plaintiff additionally points to the fact Dr. Boyce was the only examining psychologist and argues that, as such, his opinion was entitled to considerable weight. (Doc. 20 at 12). Plaintiff cites to Dr. Boyce's opinion that Plaintiff's "mental health symptoms based on report and clinical observations appear to be moderately impacting activities of daily living, vocational performance, and interpersonal interactions." Accordingly, she contends that her symptoms of depression and anxiety, combined with Dr. Boyce's opinion, are enough to establish the *de minimis* severity standard.

In evaluating an individual's disability claim, an ALJ "must consider all medical opinions in a claimant's case record, together with other relevant evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (citing 20 C.F.R. § 404.1527(b)).[2] "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). If a doctor's statement rises to the level of a "medical opinion," an ALJ must state with particularity the weight given to that opinion and the reasons therefor. *Id.* at 1179. In rendering this determination, the ALJ must consider: (1) whether the doctor has examined the claimant; (2) the length, nature,

---

[2] Although this regulation has been amended effective March 27, 2017, the new regulation only applies to applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Therefore, because the Plaintiff's applications were filed in 2016, this regulation applies to the Plaintiff's claim.

and extent of the doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's area of specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). Notwithstanding the Social Security Regulations, the ALJ is not required to explicitly address each of these enumerated factors. *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011).

The Regulations set forth three tiers of sources for medical opinions: (1) treating physicians; (2) non-treating, examining physicians; and (3) non-treating, non-examining physicians. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). While an ALJ must usually give substantial or considerable weight to a treating physician's opinion, the opinion of a one-time examining doctor—such as a doctor who performs a consultative examination—merits no such deference. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)). An examining doctor's opinion, however, is usually accorded greater weight than that of a non-examining physician. *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)).

In addition, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford*, 363 F.3d at 1159. Good cause exists where: (1) the treating

physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Phillips v. Barnhart*, 357 F.3d 1232,1240-41 (11th Cir. 2016); *Crawford*, 363 F.3d at 1159-60. Furthermore, this Circuit has held that a treating physician's opinion is not entitled to great weight if evidence of a claimant's daily activities contradicts the opinion. *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 873 (11th Cir. 2011) (citing *Phillips*, 357 F.3d at 1241). In the end, irrespective of their standing in this hierarchy, an ALJ "is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Huntley*, 683 F. App'x at 832 (citing *Sryrock*, 764 F.2d at 835) (emphasis in original); *accord Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding.").

As such, the opinion of a single physician is not determinative of the claimant's RFC. *See Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). Accordingly, while the ALJ's RFC determination must be supported by substantial evidence, the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor." *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010).

Here, Dr. Boyce found that Plaintiff's mental impairments moderately impacted activities of daily living, vocational performance, and interpersonal interactions and stated the prognosis for Plaintiff was "guarded." (Tr. 511). However, the ALJ gave little weight to the opinion because it was "a rather vague opinion and provides no insight into the

claimant's specific functional limitations." (Tr. 22-23). As such, the ALJ found that the opinion's probative value was minimal. (Tr. 23). The ALJ, on the other hand, afforded some weight to the two non-examining state agency psychologists who found Plaintiff's mental disorders to be non-severe. (Tr. 22).

So, while an examining doctor's opinion is usually accorded greater weight than that of a non-examining physician, the ALJ had good cause to afford little weight to Dr. Boyce's opinion. Dr. Boyce's analysis, as noted by the ALJ, is conclusory and unsupported by his own findings. Dr. Boyce noted Plaintiff drove herself to the appointment, arrived on time, was dressed appropriately, demonstrated good basic grooming and hygiene, displayed a positive attitude, was able to answer all questions presented, and was able to give specific information and dates without difficulty. (Tr. 509). As to Plaintiff's daily activities, Dr. Boyce reported Plaintiff is able to bathe, dress, and toilet independently, move around without assistance, drive independently without difficulty, prepare food without assistance, complete basic household chores without assistance, pay the bills, complete grocery shopping independently, and reported being able to manage money effectively. (Tr. 510). Finally, as to Plaintiff's mental status evaluation, Dr. Boyce noted adequate attention and concentration, fair mental flexibility, difficulties in processing speed as evidenced by an extended amount of time required to complete tasks presented, adequate receptive language, expressive language, and immediate memory, fair recent memory, adequate remote memory and mental computation, fair social skills, adequate judgment related to self-care and social problem-solving, adequate insight, and, while overall intelligence was approximated as being below average, general thought processes appeared to be coherent, logical, and goal directed and thought form and content appeared to be age appropriate and unremarkable. (Tr. 510-11). Absent from the opinion is any

indication of why Dr. Boyce thinks Plaintiff's mental health symptoms moderately impact Plaintiff's activities of daily living, vocational performance or interpersonal interactions.

Additionally, the ALJ pointed out that both state agency psychological consultants found the Plaintiff's mental disorder to be non-severe, and the ALJ determined that their assessments of non-severe impairments were consistent with the medical evidence of record. (Tr. 22). The ALJ noted that both consultants are impartial, licensed psychologists who are familiar with the requirements of disability used by the Social Security Administration and had opportunity to review the claimant's medical files. *Id.*; *see Evans v. Comm'r, Soc. Sec. Admin.*, 551 F. App'x 521, 524 (11th Cir. 2014) (finding physician's opinion was not supported by his own medical findings, was inconsistent with those of three other physicians who concluded that claimant's mental impairments were not severe, and was contradicted by claimant's self-reported daily activities).

Under a substantial evidence standard of review, Plaintiff must do more than point to evidence in the record that supports her position; instead, she must show the absence of substantial evidence supporting the ALJ's conclusion. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F. 2d 1356, 1358 (11th Cir. 1991)). Here, the ALJ clearly articulated good cause for discounting Dr. Boyce's opinion, and the ALJ's assessment mirrors the determinations of the two state agency psychological consultants, who found Plaintiff's mental disorders to be non-severe. (Tr. 22, 52-64, 67-86, 87-106). As such, the ALJ's finding that Plaintiff's mental impairments were not severe is supported by substantial evidence

Finally, Plaintiff asserts that the ALJ was required to contact Dr. Boyce for clarification if the ALJ had questions regarding the bases for Dr. Boyce's opinion. (Doc. 20 at 12-14). This argument, however, is unavailing. "Because a hearing before an ALJ

is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *see* 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1) ("Before [the Commissioner] make[s] a determination that [claimant is] not disabled, [the Commissioner] will develop [claimant's] complete medical history for at least the 12 months preceding" claimant's application). However, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

When the claimant is not represented at the hearing before the ALJ, which is not the case here, the ALJ's "obligation to develop a full and fair record rises to a special duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Graham*, 129 F.3d at 1422-23 (internal citations and quotations omitted). However, even in cases where the claimant was not represented at the hearing and a special duty arises, "there must be a showing of prejudice" before remand is appropriate, which is found if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* (internal citations omitted). Examples of such prejudice are the ALJ's failure to obtain records, elicit testimony, or consider all record evidence. *Brown v. Shalala*, 44 F.3d 931, 935-36 (11th Cir. 1995); *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (finding that prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision").

Here, Plaintiff was represented by counsel at the hearing before the ALJ. Thus, although the ALJ had a duty to develop the record, it was not the heighted duty required of an ALJ when the claimant is unrepresented. *Graham*, 129 F.3d at 1422. Moreover, Plaintiff has not made a showing of prejudice. Dr. Boyce's opinion was complete and explicitly set forth her findings, which the ALJ found did not support Dr. Boyce's conclusion that Plaintiff's mental health symptoms appeared to be moderately impacting activities of daily living, vocational performance, and interpersonal interactions. The ALJ's description of "vague" as to Dr. Boyce's opinion does not equate to an evidentiary gap in the record that resulted in unfairness or clear prejudice.

Here, the Court finds that the ALJ properly evaluated Plaintiff's mental impairments and did not err in discounting Dr. Boyce's opinion. Moreover, the Court finds that Plaintiff has not presented evidence of an evidentiary gap in the record. Thus, the Court finds substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were non-severe.

**B. The ALJ Properly Afforded Dr. Bacaner's Opinion Little Weight**

Plaintiff next contends that the ALJ improperly discounted the opinion of her treating physician, Dr. Bacaner. (Doc. 20 at 15-25). More specifically, Plaintiff argues that the ALJ failed to acknowledge or address the § 404.1527(c) factors in deciding the weight to give Dr. Bacaner's opinion. *Id.* at 18-19; 20 C.F.R. §§ 404.1527(c), 416.927(c). Plaintiff further asserts the ALJ did not afford Dr. Bacaner's opinion the proper weight in light of the fact that Dr. Bacaner was the only physician of record to examine Plaintiff and offer an opinion regarding her physical limitations. (Doc. 20 at 19). Plaintiff further maintains that the ALJ's reasons for giving little weight to Dr. Bacaner's opinion amount

to substitution of the ALJ's lay opinion for that of Dr. Bacaner. *Id.* at 19, 23. These arguments, however, are unpersuasive.

### 1. Factors Considered in Weighing Medical Opinions

To reiterate, and as discussed in greater detail above, the ALJ must typically afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford*, 363 F.3d at 1159. Furthermore, this Circuit has held that a treating physician's opinion is not entitled to great weight if evidence of a claimant's daily activities contradicts the opinion. *Jarrett*, 422 F. App'x at 873 (citing *Phillips*, 357 F.3d at 1241). In the end, an ALJ "is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Huntley*, 683 F. App'x at 832 (citing *Sryrock*, 764 F.2d at 835) (emphasis in original); *accord Sharfarz*, 825 F.2d at 280 ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding."). Moreover, contrary to Plaintiff's assertion, it is not necessary for the ALJ to expressly discuss the factors set forth in 20 C.F.R. §§ 404.1527(c), 416.927(c).[3] *Lawton*, 431 F. App'x at 833 (ALJ not required to explicitly address each factor, but must only provide good cause to reject a treating physician's opinion).

In this case, Dr. Bacaner completed a medical source statement in May 2017, in which he opined Plaintiff had significant physical limitations, including that Plaintiff could lift no more than 5 pounds, needed to change positions between sitting and standing every 30 minutes, could only occasionally stoop and crouch, and could never climb, balance, kneel, crawl, or operate foot controls. (Tr. 27, 681-83). Additionally, Dr. Bacaner opined

---

[3] The factors include the examining and treating relationship between the claimant and the physician including the nature and length of the relationship, the supportability of the opinion, the consistency of the opinion with the record, and whether the physician is a specialist. 20 C.F.R. §§ 404.1527(c), 416.927(c).

that Plaintiff could only occasionally reach, handle, feel, push, and pull and could tolerate no exposure to hazards, heights, temperature extremes, chemicals, and vibration. *Id.*

The ALJ gave little weight to Dr. Bacaner's opinion and clearly articulated her reasoning for doing so. Specifically, the ALJ found Dr. Bacaner's opinion to be "grossly inconsistent with the medical record." (Tr. 27); *see Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 877 (11th Cir. 2014) (upholding ALJ's decision to give diminished weight to the medical opinion where, among other things, the opinion was unsupported by the doctor's own records, which showed consistently unremarkable findings). The ALJ found that if Plaintiff was as extremely limited as reported by Dr. Bacaner, she would likely exhibit great abnormalities upon physical examination, which was not reflected in the record. (Tr. 27)*; see Scott v. Colvin*, 652 F. App'x 778, 780 (11th Cir. 2016) (finding the ALJ demonstrated good cause to discount the treating physician's opinion where the opinion was, among other things, inconsistent with the medical evidence and the opinion of the state agency consultant). Finally, the ALJ stated that Dr. Bacaner provided very little medical rationale for his opinion, "merely citing the claimant's MRIs and subjective reports." (Tr. 27)*; see Brown v. Comm'r of Soc. Sec.*, 442 F. App'x 507, 512 (11th Cir. 2011) (finding the ALJ had good cause to not give controlling weight to the treating physician's opinions because the opinions were conclusory and reported on forms that did not reference treatment records or provide adequate explanations). On the other hand, the ALJ afforded great weight to consultant Glenn Bigsby, D.O.'s residual functional capacity assessment, finding it consistent with the medical record as a whole. (Tr. 26-27). As such, the ALJ properly articulated good cause for discounting Dr. Bacaner's opinion, and substantial evidence supports the ALJ's decision.

## 2. ALJ's Role in Weighing the Medical Evidence

Plaintiff contends that the ALJ's rejection of Dr. Bacaner's opinion was based on her lay interpretation of the medical records. (Doc. 20 at 19, 23). Contrary to the Plaintiff's contention, this is not a situation where the ALJ improperly substituted her opinion for that of a physician. Such an argument applies to scenarios where the ALJ reaches medical conclusions about the claimant's condition, rather than legal conclusions about the claimant's ability to work. *See Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring specially). While the former constitutes an error of law, the latter reflects an ALJ's proper exercise of her role as "an adjudicator responsible for assessing [the claimant's] RFC." *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014). In short, the ALJ did not commit error here. The ALJ simply performed her duty of weighing all of the evidence of record and resolving the inconsistencies. *See* 20 C.F.R. §§ 404.1520b, 404.1527, 404.1545, 404.1546(c), 416.920b, 416.927, 416.945, 416.946(c).

To the extent Plaintiff contends the ALJ failed to fully develop the record when she argues the ALJ could have recontacted Dr. Bacaner for clarification of his opinion, this contention is without merit. (Doc. 20 at 25). Plaintiff has failed to show that the record contains evidentiary gaps that resulted in unfairness or clear prejudice. *See Couch v. Astrue*, 267 F. App'x 853, 855-56 (11th Cir. 2008) (recognizing that the duty to recontact a treating physician does not arise where the record contained adequate information for the ALJ to render a decision); *see also Graham*, 129 F.3d at 1423.

As such, the Court finds that the ALJ properly evaluated and discounted Dr. Bacaner's opinion. The Court further finds substantial evidence supports the ALJ's decision that Plaintiff was not disabled.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 28th day of March 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE